IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:11-246-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| LAWRENCE ARMSTEAD ) | |

This matter is before the court upon defendant's motion for relief under *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).[1] The defendant was sentenced on June 7, 2012 to a term of imprisonment of 135 months. He has not filed a direct appeal of his conviction.

Because it appears that the defendant seeks to have his sentence vacated, set aside or corrected, the court hereby notifies the defendant of its intent to recharacterize the motion as one under 28 U.S.C. § 2255. Pursuant to *Castro v. United States*, 124 S.Ct. 786 (2003), if a court recharacterizes a *pro se* defendant's motion as a first motion to vacate, it must (1) notify the defendant that it intends to recharacterize the pleading; (2) warn the defendant that this recharacterization means that any subsequent motion to vacate will be subject to the restrictions on second or successive motions to vacate, and (3) provide the defendant an opportunity to withdraw the motion or amend it so that it contains all the claims he believes

---

[1] *Simmons* dealt with the North Carolina state sentencing scheme in which a defendant's maximum sentence is determined by a guidelines grid. South Carolina does not have a state sentencing grid like North Carolina. Additionally, the Fourth Circuit has ruled that the decision is not retroactive to cases on collateral review. *See United States v. Powell*, 691 F.3d 554 (4th Cir. 2012). The presentence report in Armstead's criminal case reveals no convictions from the State of North Carolina, only Georgia and South Carolina. Thus, the defendant should carefully consider his reliance on *Simmons*.

he may file in the motion to vacate.

The court hereby notifies the defendant that the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

The defendant is further notified that if he seeks to file a successive § 2255 petition, he "must first obtain authorization from the appropriate court of appeals." *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." *Id.*

The court will allow the defendant 30 days to withdraw or amend his pleading, or he may set forth his objections to its recharacterization and request that his pleading be ruled on

the merits as filed.

The Clerk is directed to send a blank copy of § 2255 forms to the defendant should he desire to refile or amend the current motion.

IT IS SO ORDERED.

                                                     Joseph F. Anderson, Jr.
December 11, 2012                           United States District Judge
Columbia, South Carolina