IN THE DISTRICT COURT OF THE UNITED STATES
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL NO. 3:11-0246-JFA |
| Plaintiff, | ) |
| v. | ) |
| WILIBALDO MARTINEZ-VIVANCO, | ) |
| Defendant. | ) |

ORDER FORFEITING SUBSTITUTE ASSET
AS TO WILIBALDO MARTINEZ-VIVANCO

This matter is before the court upon the United States' motion for an order forfeiting to the United States certain property of Defendant, Wilibaldo Martinez-Vivanco ("Martinez-Vivanco", "Defendant") as a substitute asset, following his conviction and sentencing for violations of 21 U.S.C. §§ 841 and 846. The record in this case establishes the following:

1. On April 20, 2011, a federal grand jury in this district returned a Second Superseding Indictment ("Indictment") charging Martinez-Vivanco with conspiracy to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846.

2. The Indictment provided that upon Martinez-Vivanco's conviction, certain property enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States pursuant to 21 U.S.C. §§ 853 and 881, and 28 U.S.C. § 2461(c).

3. On January 6, 2012, Martinez-Vivanco pled guilty to the conspiracy charge.

4. Based upon the guilty plea and other matters of record, the court determined that criminal proceeds of at least $1,000,000 were derived from the offense of conviction,

and imposed a personal money judgment on Martinez-Vivanco in that amount at sentencing.

5. After considering the motion of the United States and matters of record in this case, the court finds and concludes:

(a) that a money judgment of forfeiture has been entered against Martinez-Vivanco in the amount $1,000,000;

(b) that the United States is unable through the exercise of due diligence to locate directly forfeitable property (i.e., proceeds of the offense of conviction) of Defendant with which to satisfy the forfeiture money judgment;

(c) that the United States is entitled to forfeiture of equivalent substitute property of Martinez-Vivanco pursuant to 21 U.S.C. § 853(p) and Rule 32.2(e), Fed. R. Crim. P.;

(d) that Martinez-Vivanco has an ownership interest in the following property, which is subject to forfeiture under 21 U.S.C. 853(p) as a substitute asset with which to partially satisfy the forfeiture money judgment:

> 2008 Chevrolet Pick-Up Truck
> VIN#: 1GCJK33608F185515
> Registered to: Maria Eugena Cruz

THE FOLLOWING IS THEREFORE ORDERED:

1. The above-listed 2008 Chevrolet Pick-Up Truck, VIN#: 1GCJK33608F185515, registered to Maria Eugena Cruz (hereafter, the "property"), is forfeited to the United States as a substitute asset, as is all right, title, and interest of Martinez-Vivanco in and to such property, in partial satisfaction of the forfeiture money judgment previously imposed. The property is forfeited subject to the provisions of 21 U.S.C. § 853(n) governing the rights of potential third party claimants in such property.

2. Upon entry of this Order, the United States Marshals Service, or their designee is authorized to seize the property, as directed by the United States Attorney's

Office. The United States Attorney shall provide notice of the forfeiture to potentially interested third parties, in accordance with the provisions of 21 U.S.C. 853(n)(1) and Criminal Rule 32.2(b)(6) and (e)(2).

3. Any person, other than Martinez-Vivanco, asserting a legal interest in the property, within thirty days of the final publication of notice or receipt of actual notice, whichever is earlier, may petition the court for a hearing without a jury to adjudicate the validity of such person's alleged interest in the subject property, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6).

4. Pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the above-referenced property shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in such property, and any additional facts supporting the petitioner's claim and relief sought.

5. The United States shall have clear title to the property following the court's determination of all third-party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third- party petitions.

6. The court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

7. The Clerk, U.S. District Court, shall provide one certified copy of this Order to the United States Attorney's Office for service of interested third parties and other purposes.

IT IS SO ORDERED.

April 15, 2013
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge